Daniel PARTRIDGE III, as Trustee u/w Grace S. Partridge, Appellant,

v.

Clifford J. HYNNING, etc., Appellee.

No. 18264.

United States Court of Appeals District of Columbia Circuit.

Argued May 1, 1964.

Decided June 11, 1964.

Petition for Rehearing en Banc Denied Sept. 18, 1964.

Mr. Philip F. Herrick, Washington, D. C., for appellant.

Mr. Clifford J. Hynning, Washington, D. C., with whom Mr. Lawrence C. Moore, New York City, was on the brief, for appellee.

Before WILBUR K. MILLER, DANAHER and BASTIAN, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

By a contract dated June 30, 1961, Daniel Partridge III sold and agreed to convey two old residences, which he owned as a testamentary trustee, to Clifford J. Hynning, who desired to convert them into a single office building. Hynning was to assume a mortgage debt of about $20,000 and execute a note to Partridge for about $65,000 secured by a second deed of trust. The contract contained this provision:

"* * * Seller [appellant] agrees that this second deferred purchase money deed of trust may be subordinated in lien to a new first

trust to be obtained in connection with the refinancing of the existing mortgage and the remodeling of the properties, provided an amount equal to the entire net proceeds be used for the remodeling. * * * "

Pursuant to this arrangement, on September 5, 1961, Partridge conveyed the property to Hynning who in turn executed and delivered to Partridge his note for $66,971.63 and a deed of trust to secure it. During the work of remodeling, on March 15, 1962, Hynning obtained a loan of $132,500 from Perpetual Building Association to retire the mortgage he had assumed and to pay for the remodeling. This was an 18-year loan secured by a deed of trust. On the same day, Partridge subordinated his purchase money deed of trust to Perpetual's lien, as he had agreed to do.

It turned out that the cost of reconstruction exceeded Perpetual's loan by approximately $37,800. Hynning obtained from Riggs National Bank a commitment to lend $176,500 on the property which would cover Perpetual's debt [1] and the excess cost of construction, but which would require that Partridge subordinate his lien to the deed of trust to be executed to Riggs to secure the new and larger loan.

On April 10, 1963, more than a year after Partridge had subordinated his lien to Perpetual's, Hynning asked Partridge to make a second subordination to the proposed Riggs deed of trust. Partridge refused, and on May 9, 1963, Hynning brought this suit, asking the District Court to declare that Partridge had breached his agreement to subordinate and to order him to subordinate his lien to that of a new deed of trust securing a larger amount than that borrowed from Perpetual.

The cause was submitted to the District Court on cross motions for summary judgment, and that court granted judgment to Hynning in accordance with the prayer of his complaint, and also judgment against Partridge for $1,000 damages. Partridge appeals.

Hynning's position is that Partridge's agreement to subordinate his lien "to a new first trust" was not met when the latter subordinated to the Perpetual deed of trust on March 15, 1962, because he claims the Perpetual financing was a construction loan only, and that later permanent financing was contemplated after the cost of remodeling had been determined. This is belied by the fact that the Perpetual loan, although it provided for advancements as the reconstruction progressed, was to run 18 years and could not be paid off before March 15, 1967. Thus, the Perpetual loan was not merely a temporary construction loan but was permanent financing, and Perpetual's deed of trust was "a new first trust" to which Partridge subordinated, as agreed in the contract of sale.

It is apparent that Hynning did not have a firm contract for the remodeling work but simply estimated its cost when he negotiated the Perpetual loan. Then, when the work was finished and he found he had grossly underestimated its costs, he sought to require Partridge to share the additional burden. We hold that Partridge complied with his contract and should not be forced to subordinate a second time. Consequently, the judgment will be reversed and the cause will be remanded for the entry of summary judgment in favor of Partridge.

So ordered.

---

1. Perpetual agreed that, for a consideration, it would accept payments of its loan, although it had been agreed that full payment could not be made in the first five years of its 18-year term, and in the second five years only by paying a premium for the privilege.