Clifford J. HYNNING, As General Partner of and Trustee for Hynning Associates, a Limited Partnership, Appellant,

v.

Daniel PARTRIDGE, III, as Trustee u/w Grace S. Partridge, et al., Appellees.

No. 19573.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 11, 1966.

Decided April 5, 1966.

Petition for Rehearing En Banc Denied May 20, 1966.

Mr. Clifford J. Hynning, Washington, D. C., for appellant. Messrs. Ben Ivan Melnicoff and Lawrence C. Moore, Washington, D. C., also entered appearances for appellant.

Mr. Philip F. Herrick, Washington, D. C., for appellee Daniel Partridge, III, as Trustee u/w Grace S. Partridge.

Before WILBUR K. MILLER, Senior Circuit Judge, DANAHER, Circuit Judge, and BASTIAN, Senior Circuit Judge.

1. Partridge v. Hynning, 118 U.S.App.D.C. 331, 335 F.2d 994 (1964), cert. denied 380

WILBUR K. MILLER, Senior Circuit Judge:

In the sale of certain real estate to Hynning, Partridge took from him a first trust to secure a portion of the purchase money, and agreed to and did subordinate it to a new trust executed by Hynning to another to secure funds borrowed for remodeling. When he declined to subordinate a second time to a new and larger trust, Hynning sued in the United States District Court to require him to do so. Partridge pleaded he had satisfied his obligation to subordinate and counterclaimed, under the provisions of his deed of trust, for his litigation expenses, including counsel fees. The District Court denied Partridge's motion for summary judgment, dismissed his counterclaim, and awarded summary judgment to Hynning.

Partridge appealed "from that part of the final judgment" entered against him, and Hynning asked us to affirm the District Court's judgment "in its entirety." Our opinion reversing the judgment of the District Court [1] concluded with these words:

"* * * [T]he judgment will be reversed and the cause will be remanded for the entry of summary judgment in favor of Partridge."

Accordingly, we entered a judgment which included the following:

"* * * It is ordered and adjudged by this Court that the judgment of the District Court appealed from in this cause be, and it is hereby, reversed, and that this cause be, and it is hereby, remanded to the District Court with directions to enter judgment in favor of Partridge."

We also ordered that Partridge recover his taxable costs.

Before remand, no evidence had been presented as to the amount of Partridge's litigation expenses, which were minimal when the District Court's first judgment was entered. After remand, Hyn-

U.S. 911, 85 S.Ct. 896, 13 L.Ed.2d 798 (1965).

ning contended in the District Court that, as our opinion in the first case did not mention the District Court's denial of Partridge's counterclaim, our reversal was limited to the subordination issue and that, in effect, we had affirmed the District Court's denial of the counterclaim. Partridge contended that the entire judgment had been reversed and that only the amount of the litigation expenses remained to be determined.

The District Court held that this court had reversed the order of the District Court "in its entirety" and, after hearing evidence as to the amount of the litigation expenses, granted summary judgment to Partridge on the counterclaim. Hynning appeals.

We hold that the District Court properly interpreted our action. Our Rule 27(c) has the effect of requiring that an opinion and judgment be read together. While we did not discuss in our opinion the District Court's denial of the counterclaim, the judgment we entered included these words:

"* * * the judgment of the District Court appealed from * * * is * * * reversed, and * * * this cause * * * is * * * remanded to the District Court with directions to enter judgment in favor of Partridge."

As we have seen the "judgment appealed from" was the entire judgment of the District Court.

We think that when an appellate decision is without limitation as to how much of the trial court's decision is set aside, all is set aside. Moreover, the judgment we entered makes it clear that the District Court's first ruling was reversed in its entirety. The parties were then restored to the positions they held prior to the erroneous judgment and they were to proceed from that point. So, the counterclaim was reinstated, as the District Court held. Its only task then was to conduct an evidentiary hearing on the amount of the litigation expenses and to award Partridge summary judgment for the sum determined to be due.

Hynning does not challenge the amount allowed by the District Court on the counterclaim, but argues that the "expense of litigation" provisions of the deed of trust he executed to Partridge do not, in the circumstances of this case, authorize the allowance of counsel fees to the latter. The argument is not open to him because our first decision, which is the law of the case, reversed the District Courts' denial of the counterclaim and directed the entry of summary judgment thereon in favor of Partridge. Moreover, if the question were open, we would expressly hold, as we have heretofore implicitly held, that the litigation expenses are provided for by the note and deed of trust.

Affirmed.